**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ANDREW D. WENMOTH,**

      Plaintiff,

v.                                 **CIVIL ACTION NO. 3:08-CV-182
(BAILEY)**

**OVID W. DUNCAN, JR., DIANA
R. MILLER, LARRY MCBRIDE,
KENNY AIKENS, TERESA WAID,
JIM RUBENSTEIN, CHARLENE SOTAK,**

      Defendants.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

**I.**    Introduction

On this day, the above-styled matter came before the Court for consideration of the Opinion/Report and Recommendation of United States Magistrate Judge John S. Kaull. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Kaull filed his R & R on February 26, 2009 [Doc. 13].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R & R were due within ten days after being served with a copy, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The Court notes that the plaintiff timely filed his Objections on March 12, 2009 [Doc. 15]. Accordingly, this Court will review the portions to which the plaintiff objected *de novo.* The remaining portions of the report and recommendation will be reviewed for clear error.

II.     Factual and Procedural History

At the relevant times, the plaintiff was incarcerated in the Huttonsville Correctional Center[1], where he was hired as a legal clerk on August 17, 2007. As a legal clerk, the plaintiff was expected to assist other inmates in using the law library, performing legal research and preparing legal filings. The plaintiff was hired by the Library Supervisor, Ovid Duncan ("Duncan"). At the time he was hired, the plaintiff was told that if he ever filed grievances concerning the library, he would be terminated from his employment.

On June 25, 2008, the plaintiff sent a letter to Duncan's supervisor, Diana Miller ("Miller"), Associate Warden of Programs, complaining of Duncan's threat of termination. Several weeks later the plaintiff was called to Miller's office to discuss his complaint against Duncan. After a brief discussion, Miller assured the plaintiff that she would discuss his

---

[1] Since the filing of the R&R, the plaintiff has been transferred to Mount Olive Correctional Complex.

concerns with Duncan. The plaintiff, however, did not believe this was the appropriate course of action because he feared retaliation from Duncan. The plaintiff heard nothing further with regard to his complaint against Duncan.

On October 7, 2007, the plaintiff submitted grievance number 08-HCC-C-255 wherein he complained about the inadequacy of library access for inmates in segregation. The plaintiff had discussed the matter with Duncan, but Duncan "turned a deaf ear" to the plaintiff's complaints. Further, the plaintiff felt it was his duty as a legal clerk to bring such matters to Duncan's attention, especially in light of the fact that the issue had been brought to him by inmates in the segregation unit through his employment as a legal clerk. The plaintiff's grievance was denied by Lt. Bryan Lantham ("Lantham") pursuant to a provision of the West Virginia Division of Corrections Inmate Grievance Procedures which provides that an inmate may not submit a grievance on behalf of another inmate, unless the matter directly affects the inmate filing the grievance. Lanham's response was affirmed and the plaintiff's appeal denied by Charlene Sotak ("Sotak") on behalf of the Commission of the West Virginia Division of Corrections ("WVDOC "or "DOC").

The plaintiff filed a second grievance as to this issue. That grievance was assigned grievance number 08-HCC-C-280. In that grievance, the plaintiff explained that the issue raised in his prior grievance did in fact directly affect him. That grievance was denied by Duncan for the failure to follow the appropriate procedures.

On October 14, 2008, Duncan terminated the plaintiff from his position as a legal clerk. The reason given for the termination was the filing of the aforementioned grievances. When the plaintiff complained that such termination was inappropriate, Duncan then told

3

the plaintiff that his work performance was unsatisfactory. The plaintiff asserts that his work performance had never been questioned before.

After his termination, the plaintiff filed several grievances complaining of his retaliatory termination. In those grievances, the plaintiff asserted that he had been fired in retaliation for the filing of grievances. In addition, the plaintiff filed several requests to speak with Miller about his termination. When the plaintiff was eventually called to Miller's office, he was told by Miller that she had given Duncan permission to fire the plaintiff prior to his termination. On November 6, 2008, the plaintiff was in the law library preparing a document to be sent to an attorney. The plaintiff was taping a small piece of paper over sections of the document to delineate certain portions of the document. The document was the plaintiff's personal copy of WVDOC Policy Directive 325.00, concerning inmate rules and discipline. The plaintiff asserts that while he was preparing this document, Duncan approached him at a brisk pace and forcibly removed the document from his hands. The plaintiff asserts that this was not the first time Duncan had confiscated or read his legal documents, but that it was the first time Duncan had used force to obtain such documents.

The plaintiff reported this incident to Larry McBride ("McBride"), a correction officer. In relating the story, the plaintiff informed McBride that Duncan had assaulted him. The plaintiff asserted that he had been "put in reasonable apprehension of imminent harmful or offensive contact," and that he therefore felt that Duncan had assaulted him. The plaintiff reiterated his complaint to McBride's supervisor, Sgt. Greg Hutzell, shortly thereafter.

On November 10, 2008, the plaintiff submitted grievance numbers 08-HCC-C-299, concerning the improper seizure of his property, and 08-HCC-C-298, concerning the assault by Duncan.

On November 18, 2008, the plaintiff received notice that he had been charged with a violation of disciplinary rule 2.11, possessing contraband. In that report, Duncan alleged that the document he confiscated from the plaintiff was considered contraband because it had been altered.

On November 17, 2008, a hearing was held where the plaintiff pleaded not guilty to the contraband charge. However, Correctional Hearing Officer, Kenny Aikens ("Aikens"), found the plaintiff guilty of the charge and sanctioned him to 20 hours of extra duty, punishment suspended in lieu of probation.

Three weeks later, the plaintiff was advised that he had received another disciplinary report. This report was prepared by McBride and alleged that the plaintiff had made fraudulent misrepresentations in violation of disciplinary rule 2.17. Specifically, McBride charged that the plaintiff made fraudulent misrepresentations when he reported that Duncan had assaulted him.

A disciplinary hearing was held on this charge on December 2, 2008. The plaintiff was permitted to present one witness who testified that Duncan had in fact assaulted the plaintiff. The plaintiff also presented video surveillance which verified his version of the events. The plaintiff asserts that he requested permission to present other witnesses, but was only allowed to present the one witness. Additionally, the plaintiff alleged that he was being punished for filing grievances against Duncan and requested permission to file his

5

prior grievances as evidence. The plaintiff's request was denied. Eventually, the plaintiff was found guilty of the charge based on the testimony of McBride. However, the plaintiff asserts that McBride testified only that he did not see Duncan assault the plaintiff, not that he was not actually assaulted. As a result of the guilty finding, the plaintiff received sanctions of 30 days punitive segregation and 30 days loss of all privileges.

III.   Applicable Law

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." **Trulock v. Freeh**, 275 F.3d 391, 402 (4th Cir. 2001)(internal citation omitted). Therefore, in order to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See **Wright v. Smith**, 21 F.3d 496, 501 (2d Cir. 1994); **Colburn v. Upper Darby Township**, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See **Zatler v. Wainwright**, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right under § 1983. **Rizzo v. Good**, 423 U.S. 362 (1976).

IV.   Discussion

**A. Defendants Waid, Rubenstein and Sotak**

In the R&R, the magistrate judge found that with respect to defendants Waid, Rubenstein and Sotak, the plaintiff asserts no personal involvement on the part of any of those defendants in the alleged violations of his constitutional rights. Instead, the plaintiff merely asserts that those persons had supervisory authority over the alleged violators and

that they should have done something to prevent the alleged violations of the plaintiff's rights.

In his Objections, the plaintiff makes a point to state that he has no objection to the magistrate judge's recommendation that defendants Waid, Rubenstein and Sotak be dismissed because *respondeat superior* liability is inapplicable to 1983 actions. See **Rizzo v. Good**, 423 U.S. 362

Accordingly, the plaintiff concedes that he cannot maintain this action against defendants Waid, Rubenstein and Sotak; therefore, those defendants are hereby **DISMISSED** from this action.

### B. The Plaintiff's Retaliation Claims

#### 1. Defendant Duncan

In his Complaint, the plaintiff asserts that defendant Duncan fired him from his job as a legal clerk in retaliation for the plaintiff filing administrative grievances. In addition, the plaintiff asserts that Duncan issued a disciplinary report against the plaintiff for contraband, in retaliation for the plaintiff filing administrative grievances.

#### 2. Defendant McBride

In his Complaint, the plaintiff asserts that defendant McBride issued a disciplinary report against the plaintiff for fraudulent misrepresentation in retaliation for the plaintiff's filing of administrative grievances.

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or

7

that the act itself violated such a right." ***Adams v. Rice***, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, "in *forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." ***Id***. Furthermore, claims of retaliation are treated with skepticism in the prison context. ***Cochran v. Morris***, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, "a plaintiff alleging that government officials retaliated against (him) in violation of (his) constitutional rights must demonstrate, *inter alia*, that (he) suffered some adversity in response to (his) exercise of protected rights." ***American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md.***, 999 F.2d 780, 785 (4th Cir. 1993).

In his Objections, the plaintiff makes a colorful argument that the R&R misstates the law as to the facts of this case. Specifically, the plaintiff recognizes that prisoners have no right to a particular grievance procedure; rather, he argues that because an established grievance procedure was in place and that he was allegedly retaliated against for utilizing this avenue of relief, his constitutional rights were violated. While the plaintiff makes an accurate statement of law and supports it at length, he fails to appreciate the facts of his own case.

The plaintiff's arguments are flawed in that the very grievance procedures that were established did not apply to him. The grievance at issue, 08-HCC-C-255, wherein he expressed complaints regarding the inadequacy of library access for inmates in segregation is not covered by the established grievance policies. Specifically, pursuant to the West Virginia Division of Corrections Inmate Grievance Procedures, an inmate may not submit a grievance on behalf of another inmate, unless the matter directly affects the inmate filing

8

the grievance. This issue was decided by the various review panels and was correctly found to have been a violation of the grievance policy because the plaintiff was filing such a grievance on behalf of *other* inmates. Accordingly, the magistrate judge was correct that the plaintiff had no constitutional right to participate in this grievance procedure. **Adams**, 40 F. 3d at 75. Thus, the plaintiff can state no retaliation claim regarding the filing of his grievances. Accordingly, the plaintiff's retaliation claims should be dismissed with prejudice for the failure to state a claim.

### C. Conspiracy

The plaintiff does not object to the magistrate judge's recommendation that the conspiracy claim be dismissed. Accordingly, that portion of the R&R will be reviewed for clear error.

In the Complaint, the plaintiff asserts that defendants Duncan, Miller, McBride and Aikens conspired to retaliate against him for the filing of grievances. However, to establish a civil conspiracy, a plaintiff must prove that two or more persons acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's deprivation of a constitutional right. **Hinkle v. City of Clarksburg, WV**, 81 F.3d 416 (4th Cir. 1996). Moreover, the plaintiff has a "weighty burden to establish a civil rights conspiracy." *Id*. at 421. While the plaintiff does not need to "produce direct evidence of a meeting of the minds, [he] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Id*. In this case, that means the plaintiff must produce evidence that at least leads to the inference that the defendants had a mutual agreement to retaliate against him. Nevertheless, "mere

9

speculation and conjecture will not suffice." *Puglise v. Cobb County*, 4 F.Supp.2d 1172, 1181 (N.D.Ga. 1998).

Based on the above analysis, the magistrate judge found that "the plaintiff provides no evidence which would lead to even an inference that the defendants had an agreement to retaliate against him. At best, the plaintiff offers speculation and conjecture, which is not sufficient to state a claim for conspiracy. Thus, the plaintiff has failed to establish that a civil conspiracy existed, and his conspiracy claim should be dismissed." This Court agrees with the R&R and will not disturb the recommendation therein.

D.   **The Plaintiff's Assault Claim**

Although it is not entirely clear from the Complaint, it appears that the plaintiff attempts to allege a civil claim of assault against defendant Duncan. Upon due consideration of the facts as alleged in the Complaint, the magistrate judge recommended that such a claim should not be summarily dismissed at this time and that Duncan should be made to answer the Complaint only as to the plaintiff's claim of assault. This Court agrees.

E.   **The Plaintiff's Disciplinary Report for Fraudulent Representation**

It appears from the Complaint that the plaintiff challenges the process he received with regard to his disciplinary report for fraudulent misrepresentation. In particular, the plaintiff asserts that defendant Aikens prevented him from admitting certain evidence into his disciplinary proceedings and refused to permit the plaintiff to call all of the witnesses he requested. Moreover, the plaintiff argues that the evidence was insufficient to sustain the finding of guilt, and possibly, that defendant McBride either did not testify truthfully at the

10

disciplinary hearing, or purposely mislead the disciplinary hearing officer as to the facts of the report.

As to the plaintiff's due process claim with regard to the disciplinary proceedings surrounding his violation report for fraudulent representation, the magistrate judge recommended that it should not be summarily dismissed and that defendants Aikens and McBride should be made to answer the Complaint with regard to this issue only. This Court agrees.

V.   Conclusion

Upon careful review of the R & R, it is the opinion of this Court that the magistrate judge's **Opinion/Report and Recommendation [Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Doc. 15]** are **OVERRULED**. Accordingly, this Court **ORDERS** the following:

1. The plaintiff's claims against defendant Waid, Rubenstein and Sotak be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915 for the failure to state a claim for which relief may be granted.

2. The plaintiff's retaliation and conspiracy claims be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915 for the failure to state a claim for which relief may be granted. Moreover, because the plaintiff's retaliation and conspiracy claims encompass his entire claim against defendant Miller, defendant Miller shall be **DISMISSED with prejudice** from this action.

11

3. The plaintiff's assault claim against defendant Duncan, and the plaintiff's due process claim against defendants McBride and Aikens related to his disciplinary report for fraudulent representation, shall **PROCEED** and those defendants shall be **SERVED** with a copy of a twenty (20) day summons and the Complaint through the United States Marshal Service.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a true copy to the *pro se* plaintiff.

**DATED:** August 26, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE