IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

ANDREW D. WENMOTH,

    Plaintiff,

v.                                                   Civil Action No. 3:08-CV-182
                                                 (BAILEY)

OVID W. DUNCAN, JR., et al.,

    Defendants.

## ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL

Currently pending before the Court is Plaintiff Andrew D. Wenmoth's Motion To Stay Proceedings Pending Appeal [Doc. 43], filed October 1, 2009. This Court, having reviewed the motion and the record, finds that the plaintiff's Motion to Stay [Doc. 31] should be **DENIED**.

## BACKGROUND[1]

By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R & R"). Magistrate Judge Kaull filed his R & R [Doc. 13] on February 26, 2009. Plaintiff timely filed his Objections [Doc. 15] on March 12, 2009. However, on August 26, 2009, this Court entered an Order Adopting Opinion/Report and Recommendation [Doc. 21]. By this Order, which is the subject of Plaintiff's pending motion, the Court dismissed with prejudice

---

[1]Because the factual history is sufficiently outlined in its Order Adopting Opinion/Report and Recommendation, the Court will only discuss the facts, here, as is necessary to describe the current procedural posture.

1

Plaintiff's claims against Defendants Waid, Rubenstein, and Sotak pursuant to 28 U.S.C. § 1915 for the failure to state a claim for which relief may be granted. ([Doc. 21] at 11, ¶ 1). On the same grounds, the Court dismissed with prejudice Plaintiff's retaliation claims against Defendants Duncan and McBride as well as Plaintiff's conspiracy claims against Defendants Duncan, Miller, McBride, and Aikens. (Id. at ¶ 2). Finally, the Court ordered that Plaintiff's assault claim against Defendant Duncan and due process claims against Defendants McBride and Aikens related to his disciplinary report for fraudulent representation shall proceed. (Id. at 12, ¶ 3).

On August 28, 2009, prior to Plaintiff's acceptance of service for the August 26, 2009 Order[2], Plaintiff filed Supplemental Objections [Doc. 23], alleging that liability for Defendants Waid, Rubenstein, and Sotak exists pursuant to the doctrine of supervisory authority liability. ([Doc. 23] at 3-4). On September 8, 2009, Plaintiff filed a Motion to Alter or Amend Judgment Adopting Opinion/Report and Recommendation [Doc. 31], arguing, *inter alia*, that his Supplemental Objections should be considered in support of his motion. By Order [Doc. 32] dated September 16, 2009, the Court denied the plaintiff's Motion to Alter or Amend. In response, on September 17, 2009, Plaintiff filed a Notice of Appeal [Doc. 33] as to this denial.

On September 21, 2009, Defendants Duncan, McBride, and Aikens filed a Motion for Summary Judgment [Doc. 35] with regard to the assault and due process claims. Four days later, on September 25, 2009, Magistrate Judge Kaull entered a **Roseboro** Notice

---

[2]Apparently, Plaintiff's Supplemental Objections and the Court's Order Adopting Opinion/Report and Recommendation crossed in the mail. After the Order had been entered, but prior to Plaintiff's acceptance of service thereof, Plaintiff mailed to the Court his Supplemental Objections.

[Doc. 39], informing the plaintiff that he has thirty (30) days to file any opposition to the defendants' motion.  Finally, on October 1, 2009, Plaintiff filed the instant Motion to Stay [Doc. 43], arguing that the pendency of his appeal requires a stay in this matter.

## DISCUSSION

**I.   Standard**

Rule 8 of the Federal Rules of Appellate Procedure provides, in pertinent part, that, "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."  Fed. R. App. P. 8(a)(1)(A).

In determining whether to issue a stay, a district court generally considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  **Nken v. Holder**, — U.S. —, 129 S.Ct. 1749, 1752 (April 22, 2009) (citing **Hilton v. Braunskill**, 481 U.S. 770, 777 (1987)).

**II.   Analysis**

Plaintiff argues that "continuing with any further proceedings in this matter prior to issuance of a ruling by the Court of Appeals would be premature and much less practical than waiting for a reasonable period of time until said appeal may be disposed of."  This Court disagrees.

Upon a consideration of the record and the arguments in support of the motion, this Court finds that the above-outlined factors weigh in favor of denying Plaintiff's Motion to Stay.

3

## **CONCLUSION**

For the foregoing reasons, this Court finds that Plaintiff Andrew D. Wenmoth's Motion to Stay [Doc. 43] should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record and to mail a true copy to the *pro se* plaintiff.

**DATED**: October 5, 2009

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE