# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA MARTINSBURG

**ANDREW D. WENMOTH,**

      Plaintiff,

**v.**                               **Civil Action No. 3:08-CV-182 (BAILEY)**

**OVID W. DUNCAN, JR., et al.,**

      Defendants.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

<u>I.</u>    <u>Introduction</u>

On this day, the above-styled matter came before the Court for consideration of the Opinion/Report and Recommendation of United States Magistrate Judge John S. Kaull and the Objections thereto. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R [Doc. 51] on November 17, 2009.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

1

***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due on December 14, 2009, in accordance with this Court's Order [Doc. 56], entered on November 25, 2009.[1] The Court notes that the plaintiff has filed Objections, containing twenty (20) objections. [Doc. 61]. Accordingly, this Court will review the portions to which the plaintiff objected *de novo*. The remaining portions of the report and recommendation will be reviewed for clear error.

II.   Factual and Procedural History

At the relevant times, the plaintiff was incarcerated in the Huttonsville Correctional Center[2], where he was hired  as a legal clerk on August 17, 2007. As a legal clerk, the plaintiff was expected to assist other inmates in using the law library, performing legal research, and preparing legal filings. The plaintiff was hired by the Library Supervisor, Ovid Duncan ("Duncan"). At the time he was hired, the plaintiff was told that if he ever filed grievances concerning the library, he would be terminated from his employment.

On June 25, 2008, the plaintiff sent a letter to Duncan's supervisor, Diana Miller ("Miller"), Associate Warden of Programs, complaining of Duncan's threat of termination. Several weeks later the plaintiff was called to Miller's office to discuss his complaint against Duncan. After a brief discussion, Miller assured the plaintiff that she would discuss his concerns with Duncan. The plaintiff, however, did not believe this was the appropriate

---

[1]Based upon the holiday hours of the Mount Olive law library, the Court granted the plaintiff an extension until December 14, 2009, to file his Objections.

[2]  Since the filing of the February 26, 2009 R&R, the plaintiff has been transferred to Mount Olive Correctional Complex.

2

course of action because he feared retaliation from Duncan. The plaintiff heard nothing further with regard to his complaint against Duncan.

On October 7, 2008, the plaintiff submitted grievance number 08-HCC-C-255 wherein he complained about the inadequacy of library access for inmates in segregation. The plaintiff had discussed the matter with Duncan, but Duncan "turned a deaf ear" to the plaintiff's complaints. Further, the plaintiff felt it was his duty as a legal clerk to bring such matters to Duncan's attention, especially in light of the fact that the issue had been brought to him by inmates in the segregation unit through his employment as a legal clerk. The plaintiff's grievance was denied by Lt. Bryan Lantham ("Lantham") pursuant to a provision of the West Virginia Division of Corrections Inmate Grievance Procedures which provides that an inmate may not submit a grievance on behalf of another inmate, unless the matter directly affects the inmate filing the grievance. Lanham's response was affirmed and the plaintiff's appeal denied by Charlene Sotak ("Sotak") on behalf of the Commission of the West Virginia Division of Corrections ("WVDOC "or "DOC").

The plaintiff filed a second grievance as to this issue. That grievance was assigned grievance number 08-HCC-C-280. In that grievance, the plaintiff explained that the issue raised in his prior grievance did in fact directly affect him. That grievance was denied by Duncan for the failure to follow the appropriate procedures.

On October 14, 2008, Duncan terminated the plaintiff from his position as a legal clerk. The reason given for the termination was the filing of the aforementioned grievances. When the plaintiff complained that such termination was inappropriate, Duncan then told the plaintiff that his work performance was unsatisfactory. The plaintiff asserts that his work performance had never been questioned before.

3

After his termination, the plaintiff filed several grievances complaining of his retaliatory termination. In those grievances, the plaintiff asserted that he had been fired in retaliation for the filing of grievances. In addition, the plaintiff filed several requests to speak with Miller about his termination. When the plaintiff was eventually called to Miller's office, he was told by Miller that she had given Duncan permission to fire the plaintiff prior to his termination. On November 6, 2008, the plaintiff was in the law library preparing a document to be sent to an attorney. The plaintiff was taping a small piece of paper over sections of the document to delineate certain portions of the document. The document was the plaintiff's personal copy of WVDOC Policy Directive 325.00, concerning inmate rules and discipline. The plaintiff asserts that while he was preparing this document, Duncan approached him at a brisk pace and forcibly removed the document from his hands. The plaintiff asserts that this was not the first time Duncan had confiscated or read his legal documents, but that it was the first time Duncan had used force to obtain such documents.

The plaintiff reported this incident to Larry McBride ("McBride"), a correction officer. In relating the story, the plaintiff informed McBride that Duncan had assaulted him. The plaintiff asserted that he had been "put in reasonable apprehension of imminent harmful or offensive contact," and that he therefore felt that Duncan had assaulted him. The plaintiff reiterated his complaint to McBride's supervisor, Sgt. Greg Hutzell, shortly thereafter.

On November 10, 2008, the plaintiff submitted grievance numbers 08-HCC-C-299, concerning the improper seizure of his property, and 08-HCC-C-298, concerning the assault by Duncan.

On November 18, 2008, the plaintiff received notice that he had been charged with

a violation of disciplinary rule 2.11, possessing contraband. In that report, Duncan alleged that the document he confiscated from the plaintiff was considered contraband because it had been altered.

On November 17, 2008, a hearing was held where the plaintiff pleaded not guilty to the contraband charge. However, Correctional Hearing Officer, Kenny Aikens ("Aikens"), found the plaintiff guilty of the charge and sanctioned him to 20 hours of extra duty, punishment suspended in lieu of probation.

Three weeks later, the plaintiff was advised that he had received another disciplinary report. This report was prepared by McBride and alleged that the plaintiff had made fraudulent misrepresentations in violation of disciplinary rule 2.17. Specifically, McBride charged that the plaintiff made fraudulent misrepresentations when he reported that Duncan had assaulted him.

A disciplinary hearing was held on this charge on December 2, 2008. The plaintiff was permitted to present one witness who testified that Duncan had in fact assaulted the plaintiff. The plaintiff also presented video surveillance which verified his version of the events. The plaintiff asserts that he requested permission to present other witnesses, but was only allowed to present the one witness. Additionally, the plaintiff alleged that he was being punished for filing grievances against Duncan and requested permission to file his prior grievances as evidence. The plaintiff's request was denied. Eventually, the plaintiff was found guilty of the charge based on the testimony of McBride. However, the plaintiff asserts that McBride testified only that he did not see Duncan assault the plaintiff, not that he was not actually assaulted. As a result of the guilty finding, the plaintiff received sanctions of 30 days punitive segregation and 30 days loss of all privileges.

On February 26, 2009, Magistrate Judge Kaull filed his initial R&R [Doc. 13] in this matter. Plaintiff timely filed his Objections [Doc. 15] on March 12, 2009. However, on August 26, 2009, this Court entered an Order Adopting Opinion/Report and Recommendation [Doc. 21]. By this Order, the Court dismissed with prejudice Plaintiff's claims against Defendants Waid, Rubenstein, and Sotak pursuant to 28 U.S.C. § 1915 for the failure to state a claim for which relief may be granted. ([Doc. 21] at 11, ¶ 1). On the same grounds, the Court dismissed with prejudice Plaintiff's retaliation claims against Defendants Duncan and McBride as well as Plaintiff's conspiracy claims against Defendants Duncan, Miller, McBride, and Aikens. (Id. at ¶ 2). Finally, the Court ordered that Plaintiff's assault claim against Defendant Duncan and due process claims against Defendants McBride and Aikens related to his disciplinary report for fraudulent representation shall proceed. (Id. at 12, ¶ 3).

On September 21, 2009, Defendants Duncan, McBride, and Aikens filed a Motion for Summary Judgment [Doc. 35] with regard to these remaining claims. Four days later, on September 25, 2009, Magistrate Judge Kaull entered a *Roseboro* Notice [Doc. 39], informing the plaintiff that he had thirty (30) days to file any opposition to the defendants' motion.

On November 17, 2009, Magistrate Judge Kaull filed his second R&R [Doc. 51], recommending that this Court grant the September 21, 2009 Motion for Summary Judgment [Doc. 35], and on November 19, 2009, Plaintiff received a copy thereof.

III.    Discussion

    **A.    Assault Claim**

    In his Complaint, the plaintiff claims that he was assaulted by Duncan.  In support of that claim, the plaintiff alleges that Duncan walked briskly toward him and forcibly removed some documents from the plaintiff's hands, putting him in fear of harm.  (See [Doc. 1] at 9).

    In the R&R, the magistrate judge found that, "even assuming [the plaintiff's] allegations are true, and that Duncan's actions constitute an assault, the undersigned fails to see how Duncan's actions rise to the level of a constitutional violation." ([Doc. 51] at 12). Nonetheless, in liberally construing the plaintiff's Complaint, the magistrate judge read the assault claim as one for excessive force.  (Id. at 12-13).  Next, the magistrate judge found the plaintiff's case not one of the rare instances in which a plaintiff prevails on an excessive force claim with *de minimis* injuries.  (Id. at 14).  Moreover, according to the magistrate judge, Duncan's actions cannot be characterized as "repugnant" or "diabolical" in order to sustain a constitutional claim based upon the alleged assault.  As a result, the magistrate judge concluded that "the plaintiff has failed to state a constitutional claim with regard to the alleged assault, or in the alternative, a claim of excessive force . . .." (Id.).  Accordingly, the magistrate judge recommended that the assault claim be dismissed.

    In his Objections, the plaintiff contends that "Duncan's actions as recounted by the plaintiff readily met the definition of assault." ([Doc. 61] at 14).  In addition, the plaintiff argues that the magistrate judge mischaracterized his position with regard to the assault claim as being that "the plaintiff asserts that he has stated a claim for relief, and whether Duncan intended to put him in fear of harm is irrelevant." (Id. at 3).  Instead, the plaintiff

7

explains that Duncan's intent is a question of fact inappropriate for resolution on summary judgment. (Id.).

The plaintiff's arguments miss the mark in that they advocate for a position the magistrate judge already assumed *in arguendo*: Duncan assaulted the plaintiff. Instead, the magistrate judge based his recommendation of dismissal upon the assault's failure to rise to the level of a constitutional violation. As the magistrate judge outlined, an excessive force claim has two prongs, one objective and the other subjective. Under the objective prong, the plaintiff must establish that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." ***Norman v. Taylor***, 25 F.3d 1259, 1262 (4th Cir. 1994) (en banc). Subjectively, the plaintiff must show that the "prison officials maliciously and sadistically used force to cause harm." ***Hudson v. McMillian***, 503 U.S. 1, 9 (1992). Here, even assuming the first prong was satisfied, the plaintiff has failed to present sufficient evidence that Duncan's actions were "malicious" or "sadistic." Accordingly, Objections #3 and #13 are **OVERRULED**. Therefore, as a matter of law, the plaintiff's assault claim is **DISMISSED WITH PREJUDICE**.

## B.    Due Process Claim

In his Complaint, the plaintiff claims the prison disciplinary proceedings conducted with regard to a charge of fraudulent misrepresentation violated his rights to due process. In support of that claim, the plaintiff asserts that: (1) he was not permitted to call all of his witnesses, (2) he was not allowed to present relevant documentary evidence, and (3) the evidence presented at the hearing does not support the finding of guilt. (See [Doc. 1] at 11-12). In response to the defendants' motion, the plaintiff also asserts that the violation

report was so inadequate that it failed to provide him written notice of the claimed violation. Moreover, the plaintiff asserts that the report was not timely served on him and that the hearing was not held in a timely manner. Finally, the plaintiff asserts that he never received a copy of the incident report that precipitated the disciplinary action. (See [Doc. 48] at 8-11).

In the R&R, the magistrate judge found insufficient the plaintiff's bases offered in support of his due process claim. (See [Doc. 15] at 15-18). First, the magistrate judge recognized the plaintiff's right to call witnesses and present documentary evidence as a clearly-established, yet limited right. (Id. at 15). For example, the magistrate judge noted that this right may be limited where the safety of the institution is threatened or where the evidence is redundant or irrelevant. (Id.). According to the magistrate judge, these bases were present in this case to justify any limitations to the plaintiff's presentation of evidence. (Id. at 16). As a result, the magistrate judge found no violation of the plaintiff's due process rights in this regard. (Id.). Next, the magistrate judge found the violation report sufficiently specific to provide adequate notice. (Id. at 17). As for the other alleged procedural violations, e.g., unreasonable delay and failure to disclose the incident report, the magistrate judge described the delay as minimal and found "nothing to suggest that the incident report contained any more information from which the plaintiff could have defended himself." (Id.) Finally, the magistrate judge found sufficient evidence to support the hearing officer's finding of guilt. (Id. at 18). In specific, the magistrate judge noted that: (1) there was undisputed testimony that the plaintiff accused Duncan of assault and (2) the hearing examiner reviewed the video footage of the incident and determined that no assault occurred. (Id. at 19). As a result, the magistrate judge found sufficient evidence to support

the finding of guilt. Accordingly, the Magistrate Judge recommended that the due process claim be dismissed.

In his Objections, the plaintiff first claims that the defendants have failed in their burden to prove that his right to call witnesses was legitimately limited; rather, the plaintiff argues, the defendants have ambiguously offered "security reasons" as the justification. ([Doc. 61] at 8). In specific, the plaintiff argues that the hearing officer abused his discretion by refusing to allow an inmate housed in punitive segregation to testify on the plaintiff's behalf, citing "security reasons." (Id. at 6). According to the plaintiff, the defendants must now show that such "security reasons" existed and required a limitation on his right to call witnesses.

The plaintiff's argument fails for at least two reasons. First, the argument fails to appreciate the breadth of discretion given to hearing officers in prison disciplinary proceedings. As the plaintiff recognizes, "the touchstone of due process is the protection of the individual against *arbitrary* action of government." ***Wolff v. McDonnell***, 418 U.S. 539, 558 (1974) (emphasis added). Even assuming that refusing to transport an inmate housed in punitive segregation for "security reasons" is ambiguous, it certainly cannot be characterized as arbitrary. Second, another basis was offered in support of the decision to limit the plaintiff's right to call witnesses: redundancy. Limiting the plaintiff's right to call witnesses who would offer redundant testimony is even farther from arbitrary. Thus, the Court finds, as a matter of law, no abuse of discretion on the part of the hearing officer. Accordingly, Objection #4 must be **OVERRULED**.

Next, the plaintiff objects to the magistrate judge's conclusion that "the hearing

officer merely limited the plaintiff's ability to [call witnesses or present documentary evidence] for security and other legitimate reasons." ([Doc. 61] at 8) (quoting [Doc. 51] at 16). Further, the plaintiff objects to the magistrate judge's finding that "[b]ecause the plaintiff does not have the unfettered right to call witnesses and present documentary evidence, his due process rights were not violated in this regard." (Id. at 9) (quoting [Doc. 51] at 16). For the same reasons listed above, Objections #5 and #6 are also **OVERRULED**.

Moreover, the plaintiff argues he received inadequate notice of the claimed violation because he was never provided with the incident report, which he claims contained much more detail than the violation report. In support, the plaintiff cites ***State ex rel. Williams v. Dep't Military Affairs & Pub. Safety***, 212 W.Va. 407, 573 S.E.2d 1 (2002). The plaintiff fails to recognize, however, that this case actually cuts against his argument. In ***Williams***, the West Virginia Supreme Court of Appeals explains that the due process rights of an inmate charged with disciplinary violations are protected as long as the inmate receives all "critical information," including "the exact nature of the offense committed, the precise date of the violation cited, and the identity of other individuals alleged to have participated in such misconduct." ***Id.*** at 12. Here, the plaintiff does not dispute that he received the violation report. Upon reviewing this document, the Court finds that it provides the "critical information" referred to in ***Williams***. Furthermore, like the magistrate judge, this Court fails to find that the incident report contained any more information from which the plaintiff could have defended himself. Accordingly, Objection #7 is **OVERRULED**.

Also, in his Objections, the plaintiff argues that there was no evidence in the record

to support the hearing examiner's finding of fraudulent misrepresentation. ([Doc. 61] at 10-11). In this regard, the plaintiff also objects to the magistrate judge's finding that "McBride further testified that he reviewed the video tape from the library for the date and time of the alleged incident and that the video did not support the plaintiff's contention that he had been assaulted." (Id. at 11) (quoting [Doc. 51] at 18). Like the magistrate judge, however, this Court finds sufficient evidence[3] in that: (1) there was undisputed testimony that the plaintiff accused Duncan of assault and (2) the hearing examiner reviewed the video footage of the incident and determined that no assault occurred. Finally, the Court agrees with the magistrate judge in that the plaintiff is essentially asking this Court to reweigh the evidence, rather than review for sufficient evidence. The Court must refuse this request and find sufficient evidence to support the hearing officer's decision. Accordingly, Objections #8, #9, and #11 are **OVERRULED**. Therefore, as a matter of law, the plaintiff's due process claim is **DISMISSED WITH PREJUDICE**.

### C.     Other Objections

In addition to the objections addressed above, the plaintiff offers other arguments not directed to the specific substance of the assault and due process claims. The following Objections are also **OVERRULED**.

First, the plaintiff offers three Objections that take issue with the magistrate judge's failure to find summary judgment precluded by genuine issues of material facts. In support, the plaintiff lists five such issues: (1) whether Duncan intended to subject the plaintiff to the

---

[3]In fact, the standard is very low in that a disciplinary decision may be upheld if there is "some evidence" to support the decision by the fact finder. *See **Superintendent, Mass. Correctional Institution v. Hill***, 472 U.S. 445, 447 (1985).

alleged assault; (2) whether Duncan was justified/privileged in using force to remove the document from the plaintiff; (3) whether Aikens abused his discretion in limiting the plaintiff's right to call witnesses; (4) whether Aikens abused his discretion in refusing to allow the plaintiff to submit evidence, as irrelevant; and (5) whether there is sufficient evidence to uphold the finding of fraudulent misrepresentation. (See [Doc. 61] at 15-16).

Even assuming the first issue is a question of fact, it does not preclude summary judgment. This is because the Court has already assumed, *in arguendo*, an assault occurred, yet found that the assault does not rise to the level of a constitutional violation. This conclusion, in turn, answers the second question in the affirmative, as a matter of law. Finally, the remaining three issues are questions of law already decided by this Court.[4] Accordingly, Objections #12, #14, and #15 are **OVERRULED**.

As another challenge based upon the summary judgment posture, the plaintiff argues that the magistrate judge inappropriately accepted the defendants' version of events. ([Doc. 61] at 11-12). Specifically, the plaintiff claims the magistrate judge accepted as true the defendants' assertion that McBride's testimony and the incident report support the finding of fraudulent misrepresentation. Instead, the plaintiff claims, the magistrate judge should have accepted as true his version of events, i.e., that there was insufficient evidence to support the finding of guilt. This argument fails for at least two reasons. First,

---

[4]In his Objections, the plaintiff focuses his due process arguments on his right to call witnesses as opposed to his right to present evidence. The plaintiff does not specifically challenge the magistrate judge's adoption of the hearing officer's finding that the requested documents were not relevant to the proceeding. Accordingly, reviewing this portion of the R&R for clear error, the Court **ADOPTS** the magistrate judge's finding that the hearing officer's decision with regard to documentary evidence was not an abuse of discretion. Finally, the Court notes that the result would have still been the same even had the plaintiff formulated a specific objection thereto.

while a court addressing a Rule 56 motion for summary judgment is required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, *see **Anderson v. Liberty Lobby, Inc.**,* 477 U.S. 242, 255 (1986), the plaintiff is in error in suggesting that a court must accept his allegations as true, a standard more appropriate for a 12(b)(6) motion to dismiss. *See **Asccroft v. Iqbal**,* — U.S. —, 129 S.Ct. 1937, 1959 (May 18, 2009). Second, no matter the appropriate standard on summary judgment, this Court may not accept as true an allegation so integral to the issue. In other words, this Court may not accept as true the plaintiff's assertion that there was insufficient evidence, when the issue to be decided is whether there was sufficient evidence to support a finding of guilt. Accordingly, Objection #10 is **OVERRULED**.

Next, the plaintiff objects to two alleged inaccuracies in statements made by the magistrate judge in the R&R. First, the plaintiff objects to the magistrate judge's assertion that "[t]he plaintiff's second grievance was denied by Duncan for the failure to follow the appropriate procedures." ([Doc. 61] at 2) (quoting [Doc. 51] at 3). The plaintiff claims this assertion is factually incorrect. However, inasmuch as this fact is only relevant to the plaintiff's retaliation claims, which this Court already dismissed, any inaccuracy is irrelevant to this Court's decision concerning the plaintiff's assault and due process claims. Accordingly, Objection #1 is **OVERRULED**. Second, the plaintiff objects to the magistrate judge's characterization of the plaintiff's argument as recognizing "that other courts, including the Fourth Circuit, have found that correctional officers may *not* be amenable to suit for their participation in disciplinary proceedings." ([Doc. 61] at 2) (quoting [Doc. 51] at 3) (emphasis added by the plaintiff). Instead, the plaintiff cites Supreme Court authority

for the proposition that correctional officers or tribunals may be held liable for their participation in disciplinary proceedings where their actions do not comport with the requirements of due process. (Id. at 2). This alleged mischaracterization, however, is irrelevant because the Court did not consider this argument in reaching its conclusion that no violation of due process occurred in this case. Accordingly, Objection #2 is **OVERRULED**.

Also, in his Objections, the plaintiff takes issue with the failure of the magistrate judge to address the defendants' claim of entitlement to immunity. ([Doc. 61] at 17). Like the magistrate judge, this Court finds any discussion of immunity unnecessary considering no violation of the plaintiff's constitutional rights has been shown. Accordingly, Objection #19 is **OVERRULED**.

The plaintiff also objects to the failure of the magistrate judge to consider his Rebuttal [Doc. 50] to the defendants' Reply [Doc. 49]. ([Doc. 61] at 16). However, as the magistrate judge stated in his Order Striking Plaintiff's Rebuttal to Defendants' Reply [Doc. 52], neither the Local nor Federal Rules of Civil Procedure contemplate surreplies, surresponses, or any further objection or other document, without express permission of the Court. No such leave was granted in this case. Accordingly, Objection #17 is **OVERRULED**.

In his Objections, the plaintiff requests that the arguments in his Response [Doc. 48] and Rebuttal [Doc. 50] be incorporated as objections to the R&R. This request, however, must be rejected. First, the Court has already found that the magistrate judge properly struck the plaintiff's Rebuttal from the record. Second, the Court finds that the plaintiff's

arguments in his Response were adequately addressed in the R&R. Accordingly, Objection #18 is **OVERRULED**.

Next, the plaintiff objects to summary judgment as premature prior to the completion of discovery. ([Doc. 61] at 16). However, inasmuch as the plaintiff has failed to allege any specific facts to be discovered that would save either of his claims, the Court must reject this argument. Accordingly, Objection #16 is **OVERRULED**.

Finally, the plaintiff objects to "all other inferences, conclusions, findings, and grounds which are not otherwise set forth herein, but were relied upon my [sic] the magistrate judge in arriving at his erroneous recommendation that the defendants' Motion for Summary Judgment should be granted." ([Doc. 61] at 17). The Court finds this objection overly ambiguous, and thus, impossible to properly address. Accordingly, Objection #20 is **OVERRULED**.

IV.    Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation **[Doc. 51]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Doc. 61]** are **OVERRULED**. Accordingly, this Court **ORDERS** the following:

1.    The defendants' Motion for Summary Judgment **[Doc. 35]** is hereby **GRANTED**. Accordingly, the Court hereby **DISMISSES with prejudice** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** it **STRICKEN** from the active docket of this Court.

2. The plaintiff's following remaining motions should be, and are, hereby **DISMISSED AS MOOT**:

   a. Plaintiff's Objections and Motion to Vacate Order Striking Plaintiff's Rebuttal to Defendants' Reply **[Doc. 62]**;

   b. Plaintiff's Motion for a Continuance of Summary Judgment Proceedings Pending Discovery **[Doc. 63]**;

   c. Plaintiff's Objections and Motion to Vacate Order Granting Defendants' Motion for Protective Order **[Doc. 65]**;

   d. Motion for Leave to File Supplemental Complaint and Join Parties as Defendants to Action **[Doc. 67]**; and

   e. Plaintiff's Response to the Defendants' Motion for a Protective Order and Motion to Compel Discovery **[Doc. 68]**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record and to mail a true copy to the *pro se* plaintiff.

**DATED**: December 18, 2009

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE