**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

ANDREW D. WENMOTH,

    Plaintiff,

v.                                                        Civil Action No. 3:08-CV-182
                                                                     (BAILEY)

OVID W. DUNCAN, JR., et al.,

    Defendants.

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO CERTIFY JUDGMENT AS FINAL AND APPEALABLE ORDER**

Currently pending before the Court is Plaintiff Andrew D. Wenmoth's Motion for Leave to File Amended Complaint or, in the Alternative, to Certify Judgment as Final and Appealable Order [Doc. 73], filed January 7, 2010. This Court, having reviewed the motion and the record, finds that the plaintiff's motion should be **DENIED in part** and **GRANTED in part**.

**BACKGROUND**[1]

By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R & R"). Magistrate Judge Kaull filed his R & R [Doc. 13] on February 26, 2009. Plaintiff timely filed his Objections [Doc. 15] on March 12, 2009. However, on August 26, 2009, this Court

---

[1] Because the factual history is sufficiently outlined in its Order Adopting Opinion/Report and Recommendation [Doc. 69], the Court will only discuss the facts, here, as is necessary to describe the current procedural posture.

1

entered an Order Adopting Opinion/Report and Recommendation [Doc. 21]. By this Order, the Court dismissed with prejudice Plaintiff's claims against Defendants Waid, Rubenstein, and Sotak pursuant to 28 U.S.C. § 1915 for the failure to state a claim for which relief may be granted. ([Doc. 21] at 11, ¶ 1). On the same grounds, the Court dismissed with prejudice Plaintiff's retaliation claims against Defendants Duncan and McBride as well as Plaintiff's conspiracy claims against Defendants Duncan, Miller, McBride, and Aikens. (Id. at ¶ 2). Finally, the Court ordered that Plaintiff's assault claim against Defendant Duncan and due process claims against Defendants McBride and Aikens related to his disciplinary report for fraudulent representation shall proceed. (Id. at 12, ¶ 3).

On September 21, 2009, Defendants Duncan, McBride, and Aikens filed a Motion for Summary Judgment [Doc. 35] with regard to the assault and due process claims. Four days later, on September 25, 2009, Magistrate Judge Kaull entered a **Roseboro** Notice [Doc. 39], informing the plaintiff that he has thirty (30) days to file any opposition to the defendants' motion.

On November 17, 2009, Magistrate Judge Kaull filed his second R&R [Doc. 51], recommending that this Court grant the September 21, 2009 Motion for Summary Judgment [Doc. 35], and on November 19, 2009, Plaintiff received a copy thereof. Shortly thereafter, Plaintiff filed his Objections [Doc. 61]. However, on December 18, 2009, this Court entered an Order Adopting Opinion/Report and Recommendation [Doc. 69]. By this Order, the Court dismissed with prejudice Plaintiff's assault claim because Plaintiff failed to present sufficient evidence that the assault rose to the level of a constitutional violation. (Id. at 8). In addition, the Court dismissed with prejudice Plaintiff's due process claim

because Plaintiff failed to present sufficient evidence of any due process violations with regard to his disciplinary proceedings. (Id. at 10-12). As a result, the Court dismissed with prejudice Plaintiff's Complaint and ordered it stricken from its active docket. (Id. at 16).

Finally, on January 7, 2010, Plaintiff filed the instant motion [Doc. 73], arguing that this Court should either grant him leave to file an amended complaint or certify the Order Adopting Opinion/Report and Recommendation [Doc. 69] as a final, appealable order.

## **DISCUSSION**

**I.     Standard**

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that unless by matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, although Rule 15(a)(2) states that "[t]he court should freely give leave [to amend the complaint] when justice so requires," a district court may deny a request to amend if, *inter alia*, the amendment would be futile. See **Marsh v. W.R. Grace & Co.**, 80 Fed.Appx. 883, 888 (4th Cir. 2003).

Rule 58 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may request that judgment be set out in a separate document, as required by Rule 58(a)." Fed. R. Civ. P. 58(d). Rule 58(a) provides that, with a few exceptions, "[e]very judgment . . . must be set out in a separate document." Fed. R. Civ. P. 58(a). Exceptions to this requirement include orders disposing of a motion: (1) for judgment under Rule 50(b); (2) to amend or make additional findings under Rule 52(b); (3) for attorney fees under Rule 54; (4) for a new trial, or to alter or amend the judgment under Rule 59; and (5) for relief

under Rule 60. Fed. R. Civ. P. 58(a)(1)-(5).

"In applying the Rule 58 requirement to a given situation, the form and content of the document at issue are determinative. Brevity is an important factor: an order unaccompanied by a long explanation is likely to be considered a 'judgment.'" **Hughes v. Halifax County Sch. Bd.**, 823 F.2d 832, 835 (4th Cir. 1987). "By contrast, a document which attempts to combine the court's reasoning and its final disposition is not likely to be considered a 'separate document' under Rule 58." *Id.*

II. **Analysis**

Plaintiff argues that this Court should grant him "leave to file an Amended Complaint within a reasonable period of time . . ., which more fully and precisely sets forth each of [his] claims previously dismissed by orders dated August 26, 2009 (Document 21), and December 18, 2009 (Doc. 69), respectively, against all defendants terminated therein." ([Doc. 73] at 1). This Court disagrees.

Upon a consideration of the record and the arguments in support of the motion, this Court finds that justice does not require granting the plaintiff leave to file an amended complaint. Instead, any amendment "more fully and precisely" setting forth his previously dismissed claims would be futile. Plaintiff's claims were not dismissed for ambiguity; rather, this Court dismissed the plaintiff's claims based upon their failings as a matter of law.[2]

---

[2]In addition, several appellate courts have found that a plaintiff's failure to provide a draft amended complaint is an adequate basis on which a district court could deny a plaintiff's request for leave to file an amended complaint. *See e.g.,* **Lake v. Arnold**, 232 F.3d 360, 374 (3d Cir. 2000); *see also* **Harris v. City of Auburn**, 27 F.3d 1284, 1287 (7th Cir. 1994) (noting that the failure to provide a proposed amended complaint demonstrates lack of diligence or bad faith). Here, Plaintiff failed to give this Court a draft complaint to review. This presents another basis for denying Plaintiff's request for leave to file an amended complaint.

4

Accordingly, the instant motion is **DENIED** inasmuch as it requests leave to file an amended complaint.

In the alternative, the plaintiff argues that this Court should "certify its judgment dismissing the plaintiff's Complaint (Doc. 1) with prejudice and striking it from the Court's active document as a final, appealable order . . .." ([Doc. 73] at 1). This Court agrees.

Upon a review of Rule 58, this Court finds the entry of a separate judgment with regard to its Order Adopting Opinion/Report and Recommendation [Doc. 69] is required. Accordingly, the instant motion is **GRANTED** inasmuch as it requests the entry of a separate judgment.

## CONCLUSION

For the foregoing reasons, this Court finds that Plaintiff Andrew D. Wenmoth's Motion for Leave to Filed Amended Complaint or, in the Alternative, to Certify Judgment as Final and Appealable Order [Doc. 73] should be, and hereby is, **DENIED in part** and **GRANTED in part**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record and to mail a true copy to the *pro se* plaintiff. In addition, the Clerk is hereby directed to enter a separate judgment with regard to the Court's December 18, 2009, Order Adopting Opinion/Report and Recommendation [Doc. 69].

**DATED**: January 15, 2010

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE